1 PAUL N. TAUGER (SBN 160552)
2     ptauger@apogeelawgroup.com
  **APOGEE LAW GROUP**
3 2020 Main Street, Suite 600
4 Irvine, CA 92614
  Telephone: 949-851-5000
5 Facsimile: 949-608-9089

6
  DAVID W. AXELROD
7     daxelrod@schwabe.com
8 DEVON ZASTROW NEWMAN
      dnewman@schwabe.com
9 **SCHWABE, WILLIAMSON & WYATT, P.C.**
10 1211 S.W. 5th Avenue, Suite 1900
  Portland, OR 97204
11 Telephone: 503-222-9981
12 Facsimile: 503-796-2900

13 Attorneys for Plaintiff Rama E. Chandran, M.D.

14

15                   UNITED STATES DISTRICT COURT

16           FOR THE CENTRAL DISTRICT OF CALIFORNIA

17                        (WESTERN DIVISION)

18 RAMA E. CHANDRAN, M.D., an          Case No.: 2:15-cv-02852
   individual,
19                                      **COMPLAINT FOR PATENT
               Plaintiff,               INFRINGEMENT**
20
         v.                             DEMAND FOR JURY TRIAL
21
   WRIGHT MEDICAL TECHNOLOGY,
22 INC., a Delaware corporation,
23             Defendant.
24
25
26
27
28

---

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.: 2:15-cv-02852
PDX\127780\199549\DWA\15134925.4

## COMPLAINT

Plaintiff Rama E. Chandran, M.D. ("Dr. Chandran") brings this Complaint for patent infringement against Defendant Wright Medical Technology, Inc. ("Wright Medical") and alleges as follows:

### NATURE OF THE ACTION AND THIS COURT'S JURISDICTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §101 *et seq.,* and specifically §§271 and 281-285, alleging Defendant's infringement of U.S. Patent Number 6,579,293 (the "'293 Patent"), entitled "INTRAMEDULLARY ROD WITH INTERLOCKING OBLIQUE SCREW FOR TIBIO-CALCANEAL ARTHRODESIS."  A copy of the '293 Patent is attached as Exhibit 1.

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Wright Medical because Wright Medical has continuous and systematic business and commercial contacts with this judicial district and sells, has sold, offers to sell, uses, and induces physicians and their patients to use Wright Medical's Valor® Hindfoot Fusion System ("Valor® System") in this judicial district.  Dr. Chandran's claims for relief arise out of Wright Medical's patent infringement in this district, among other parts of the United States. Wright Medical has purposefully availed itself of the benefits and protections of California's laws such that it should reasonably anticipate being haled into court here.

4.      Venue is proper in the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1391(d) and § 1400(b).

### PARTIES

5.      Plaintiff Rama E. Chandran, M.D. ("Dr. Chandran"), is a Board-certified and licensed orthopedic surgeon who has practiced for over thirty years in the United States and lives in Rolling Hills, California.

6.      Wright Medical Technology, Inc. is a Delaware corporation with a

principal place of business in Memphis, Tennessee.  It is a global orthopedic company that provides solutions that enable clinicians to alleviate pain and restore their patients' lifestyles.  Wright Medical is a recognized leader of surgical solutions for the foot and ankle market and markets its products in over 60 countries worldwide. Wright Medical's business includes products that are used primarily in foot and ankle repair, upper extremity products, and biologics products, which are used to replace damaged or diseased bone, to stimulate bone growth and to provide other biological solutions for surgeons and their patients.  Wright Medical's extremity hardware includes implants and other devices to replace or reconstruct injured or diseased joints and bones of the foot, ankle, hand, wrist, elbow and shoulder, which it generally refers to as either foot and ankle or upper extremity products.  Wright Medical's extensive foot and ankle product portfolio, its approximately 200 specialized foot and ankle sales representatives, and its increasing level of training offered to foot and ankle surgeons has resulted in Wright Medical being a recognized leader in the foot and ankle market.  Wright Medical manufactures, distributes and sells in and from the United States an intramedullary nail and related products for ankle arthrodesis, under the trademark Valor® Hindfoot Fusion System (collectively "Valor® System").

## FACTUAL BACKGROUND

7.     The United States Patent Office duly and lawfully issued the '293 Patent to Dr. Chandran in 2003.  Dr. Chandran is the inventor of and owns all right, title and interest in the '293 Patent.

8.     The '293 Patent is directed to and claims both a novel method and intramedullary nail devices for achieving tibio-calcaneal arthrodesis, the fusion of the tibia bone and the calcaneus bone, with or without an intermediate talus bone, to immobilize the ankle joint.  Nail devices use an intramedullary rod that, with respect to ankle arthrodesis, is inserted through the hindfoot (calcaneus bone) into the tibia, as illustrated by the vertical dotted cylinder (**110**) in Figure 2 below:

COMPLAINT FOR PATENT INFRINGEMENT                                    CASE NO.: 2:15-cv-02852
PDX\127780\199549\DWA\15134925.4







Also in Figure 2, **92** is the calcaneal or calcaneus bone; **94** is the talus bone; and **96** is the tibia bone.

9.    The '293 Patent generally discloses and claims the use of a surgical assembly (**100** in Fig. 2 above) comprising an intramedullary ankle nail (**110**) with an oblique screw (**130**) inserted through the hindfoot at an angle, extending from the

calcaneus through the talus region, and extending into and secured within a part of the tibia.  The novel invention of the '293 Patent thereby provides improved stability and improved compression and fusion of the ankle and/or subtalar joints.

10.    Tibio-calcaneal arthrodesis is a "salvage" procedure—a medical operation of last resort—for patients with severe disease, trauma or damage of or to the ankle and subtalar joints.  A number of etiologies or conditions—including avascular necrosis, post-traumatic osteoarthritis, severe rheumatoid arthritis, psoriatic arthropathy, primary osteoarthritis, failed ankle replacement, failed ankle arthrodesis, pilon fractures, and alcohol and diabetic-induced Charcot neuroarthropathy, among others—indicate tibio-calcaneal arthrodesis.  Each indication is characterized by a talus bone that is lacking sufficient integrity, height and presence to permit less invasive methods of arthrodesis.

11.    A person that makes, sells or offers to sell the Valor® System with its oblique screw to establish ankle arthrodesis by compressing the tibia bone directly or indirectly against the calcaneal bone directly infringes at least claims 1 and 6 of the '293 Patent.

12.    A physician who uses the Valor® System and its oblique screw to establish ankle arthrodesis by compressing the tibia bone against the calcaneal bone directly infringes at least claim 1, 6 and 10 of the '293 Patent.

13.    A patient who receives and uses the Valor® System and its oblique screw to establish ankle arthrodesis by compressing the tibia bone against the calcaneal bone directly infringes at least claims 1 and 6 of the '293 Patent.

14.    Dr. Chandran notified Wright Medical in January 2015 of the '293 Patent.

/ / /

/ / /

/ / /

/ / /

## COUNT I – INFRINGEMENT
## OF UNITED STATES PATENT NO. 6,579,293
## <u>AGAINST DEFENDANT WRIGHT MEDICAL</u>

15.     Dr. Chandran re-alleges and incorporates by reference the allegations of paragraphs 1-14 as if fully set forth herein.

16.     Wright Medical directly infringes at least claims 1 and 6 the '293 Patent, literally and under the doctrine of equivalents, by its past and present manufacture, sale and offers to sell the Valor® System, in violation of 35 U.S.C. §§ 271.

17.     Dr. Chandran has not licensed or otherwise authorized Wright Medical to make, use, import, sell, or offer to sell any product for use in establishing ankle arthrodesis covered by the '293 Patent and Wright Medical's conduct is, in every instance, without Dr. Chandran's consent.  Since Wright Medical's first actual knowledge of the '293 Patent, every act of infringement has been willful and without regard to Dr. Chandran's rights.

18.     Dr. Chandran is entitled to recover from Wright Medical the damages he has sustained as a result of Wright Medical's wrongful acts in an amount subject to proof at trial, and in any event not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19.     Wright Medical's infringement of the '293 Patent will continue to cause Dr. Chandran irreparable injury and damage for which there is no adequate remedy at law unless and until Wright Medical is enjoined from infringing the '293 Patent.

20.     This is an exceptional case under 35 U.S.C. § 285, and Dr. Chandran is entitled to enhanced damages, attorneys' fees and litigation expenses incurred.

/ / /

/ / /

/ / /

/ / /

/ / /

## COUNT II – CONTRIBUTORY INFRINGEMENT
## OF UNITED STATES PATENT NO. 6,579,293
## AGAINST DEFENDANT WRIGHT MEDICAL

21.     Dr. Chandran re-alleges and incorporates by reference the allegations of paragraphs 1-20.

22.     Wright Medical has committed contributory infringement in violation of 35 U.S.C. §271(c) by making, selling, exporting from, and using the Valor® Hindfoot Fusion System in the United States.  Each of said acts has indirectly infringed at least claims 1, 6, and 10 of the '293 Patent.

23.     The Valor® System is a material component of the inventions of claims 1 and 6 of the '293 Patent and an apparatus for use in practicing the method of claim 10 of the '293 Patent.  The Valor® System, as sold, and as intended for use and as marketed by Wright Medical has no substantial use or application that does not infringe the '293 Patent.

24.     Upon information and belief, Wright Medical knew of the '293 Patent at or prior to the first manufacture, marketing, and sale of the Valor® System.  Wright Medical had actual knowledge of the '293 Patent and its alleged coverage over the Valor® System before this suit was commenced.

25.     Wright Medical knows that the Valor® System is specially designed and adapted to infringe the '293 Patent.  It markets the Valor® System with literature and instructions to physicians directing the use of the Valor® System Nail to achieve tibio-calcaneal arthrodesis for indicated patient conditions, including one or more of those conditions identified in paragraph 10, above.  Each of these conditions is characterized by a talus bone lacking sufficient integrity, height or even presence to support arthrodesis by fixation of the oblique screw into the talus alone.  For such patients, tibio-calcaneal arthrodesis using the Valor® System Nail with its oblique screw requires capturing the tibia by penetration with the oblique screw and thereby infringing the '293 Patent.  For patients having a normal talus (one with sufficient

7

height, integrity, and presence of the talus bone to support arthrodesis) and requiring arthrodesis of only the ankle or the subtalar joint, the use of an intramedullary nail is contraindicated and is not used in good medical practice.  For the rare (if any) patients having a normal talus and requiring tibio-calcaneal arthrodesis, the oblique screw of the Valor® System Nail is unnecessary to secure distal fixation.  For at least these reasons, the Valor® System has no substantial non-infringing use consistent with good medical practice.  Wright Medical is a sophisticated merchant of ankle arthrodesis remedies and devices and knows or should know each of the facts alleged in this paragraph.

26.    Sales representatives of Wright Medical, whether independent contractors or employees, participate with the orthopedic surgeon in operations for implantation of the Valor® System to assist the surgeon and to provide expertise on the selection and application of screws and other components of the Valor® System, including components used only if and when arthrodesis is achieved by compression of the tibia and calcaneal bones through the use of an oblique screw.  Sales representatives for medical device manufacturers of orthopedic implants typically report the results of each such component selection and use to the manufacturer.  Upon information and belief, Wright Medical sales representatives report corresponding information for Valor® System Nail implants to Wright Medical.  Wright Medical accordingly has actual knowledge that physicians and hospitals implant the Valor® System Nail with its oblique screw so as to infringe the '293 Patent.

27.    Wright Medical is not licensed or otherwise authorized by Dr. Chandran to make, use, import, sell, or offer to sell any product or component that is claimed by or is necessarily used in the method of the '293 Patent and its conduct is in every respect without Dr. Chandran's consent.

28.    Dr. Chandran has suffered, is suffering, and will continue to suffer irreparable injury and damage for which he has no adequate remedy at law.  Among

other injuries, Wright Medical's infringement dissuades others from licensing the '293 Patent.  Dr. Chandran is entitled to a permanent injunction enjoining Wright Medical and those persons in active concert or participation with them from any continuing or further infringement of the '293 Patent.

29.     As a consequence of Wright Medical's infringement, Dr. Chandran is entitled to recover damages, including prejudgment interest, adequate to compensate for Wright Medical's infringement in an amount subject to proof at trial but in no event less than a reasonable royalty.

30.     Wright Medical's infringement is willful and knowing, entitling Dr. Chandran to recover enhanced damages, attorneys' fees, and litigation costs pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III – INDUCEMENT TO INFRINGE
## UNITED STATES PATENT NO. 6,579,293
## <u>AGAINST DEFENDANT WRIGHT MEDICAL</u>

31.     Dr. Chandran re-alleges and incorporates by reference the allegations of paragraphs 1-20 and 22-30.

32.     Wright Medical has actively induced infringement of at least claims 1, 6, and 10 of the '293 Patent.

33.     Wright Medical markets, through at least its published medical brochures and other sales literature, the Valor® System for the achievement of tibio-calcaneal arthrodesis for multiple medical indications for which Wright Medical knows that the orthopedic surgeon implanting the Valor® System will be required by sound medical practice to use the oblique screw of the Valor® System to penetrate the tibia bone in order to achieve a successful ankle arthrodesis and intends that result.  Wright Medical sales representatives knowingly assist the operating room surgeon to achieve ankle arthrodesis and thereby Wright Medical has actual knowledge of each infringement of

COMPLAINT FOR PATENT INFRINGEMENT

PDX\127780\199549\DWA\15134925.4

CASE NO.: 2:15-cv-02852

the '293 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Dr. Chandran respectfully requests that the Court enter judgment in his favor against Wright Medical Technology, Inc., granting the following relief.

a.      A judgment that Wright Medical has willfully infringed, contributorily infringed, and/or induced infringement of the '293 Patent literally and/or under the doctrine of equivalents;

b.      A judgment and decree pursuant to 35 U.S.C. § 283, permanently enjoining Wright Medical and its agents, servants, officers, directors, employees, affiliated entities, and all persons in active concert or participation with it from further acts of infringement of the '293 Patent;

c.      A judgment awarding to Dr. Chandran damages adequate to compensate Dr. Chandran for Wright Medical's acts of infringement of the '293 Patent and in no event less than a reasonable royalty for Wright Medical's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law and enhanced damages pursuant to 35 U.S.C. § 284;

d.      A judgment that this is an exceptional case and an award to Dr. Chandran of his costs and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

e.      A post-verdict and post-judgment accounting for any infringement of the '293 Patent not otherwise covered by a damages award and the requested injunctive relief; and

f.      Such other and further relief as the Court may deem just and proper under the circumstances.

///

Dated: April 17, 2015

**APOGEE LAW GROUP**


By:   /s/ Paul N. Tauger
        Paul N. Tauger, SNB #160552
         ptauger@apogeelawgroup.com
        2020 Main Street, Suite 600
        Irvine, CA 92614
        Telephone: 949.851.5000
        Facsimile: 949.608.9089

        David W. Axelrod
         daxelrod@schwabe.com
        Devon Zastrow Newman
         dnewman@schwabe.com
        **SCHWABE, WILLIAMSON &**
        **WYATT, P.C.**
        1211 S.W. 5th Avenue, Suite 1900
        Portland, OR 97204
        Telephone: 503.222.9981
        Facsimile: 503.796.2900

        Attorneys for Plaintiff Rama E. Chandran, M.D.

///

///

///

COMPLAINT FOR PATENT INFRINGEMENT        CASE NO.: 2:15-cv-02852
PDX\127780\199549\DWA\15134925.4

1

## DEMAND FOR JURY TRIAL

2      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Dr. Chandran

3 respectfully requests a trial by jury of any and all issues on which a trial by jury is

4 available under applicable law.

5 Dated: April 17, 2015

6                              **APOGEE LAW GROUP**

7

8                    By:    /s/ Paul N. Tauger
                            Paul N. Tauger, SNB #160552
9                              ptauger@apogeelawgroup.com
                            2020 Main Street, Suite 600
10                           Irvine, CA 92614
                            Telephone: 949.851.5000
11                           Facsimile: 949.608.9089

12                           David W. Axelrod
                              daxelrod@schwabe.com
13                           Devon Zastrow Newman
                              dnewman@schwabe.com
14                           **SCHWABE, WILLIAMSON &**
                            **WYATT, P.C.**
15                           1211 S.W. 5th Avenue, Suite 1900
                            Portland, OR 97204
16                           Telephone: 503.222.9981
                            Facsimile: 503.796.2900
17
                            Attorneys for Plaintiff Rama E. Chandran,
18                           M.D.

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT                        CASE NO.: 2:15-cv-02852
PDX\127780\199549\DWA\15134925.4